UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GEORGE A. TOLIVER, | Case No. 2:15-CV-1672 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff George Toliver's motion to reopen case. (ECF No. 25). Defendant Nevada Department of Corrections ("NDOC") filed a response. (ECF No. 28). Plaintiff has not replied, and the time for doing so has since passed.

Also before the court is plaintiff's "motion for ruling on appeal from State Court." (ECF No. 26). Defendants have not filed a response, and the time to do so has since passed.

**I.      Facts**

On February 22, 2016, plaintiff filed an amended complaint against defendant. (ECF No. 8). On July 6, 2016, this court entered an order granting the parties' stipulation of dismissal with prejudice based upon a settlement,[1] and the case was terminated. (ECF No. 20.)

The settlement agreement entered into between the parties contains a "Future Jurisdiction for Enforcement Actions" clause,

> In the event that either party feels that the opposing party is not living up to their end of the bargains contained herein and wishes to institute an enforcement action, such an action must be filed in the Nevada state district court as a contract action, in the venue where the inmate is currently housed. Both parties understand that this

---

[1] A copy of the settlement is attached to defendant's response as Exhibit B. *See* (ECF No. 28-2).

**James C. Mahan**
**U.S. District Judge**

provision acts as a forum selection clause, and that Nevada rules of contract will apply to the enforcement action. Where state law is to be applied, this Agreement, or the relevant portions thereof, shall be construed, interpreted, and enforced in accordance with the laws, rules of procedure, and/or common law of the State of Nevada.

(ECF No. 28-2 at 3).

In the instant action, plaintiff argues that defendant failed to honor the terms of the settlement, and seeks reinstatement of his prior lawsuit on the basis of contractual repudiation. (ECF No. 25 at 2).

## II. Discussion

Plaintiff's motions request (1) that this court re-open plaintiff's case against, among others, the Nevada Department of Corrections; and (2) that this court exercise appellate review over an adverse state court judgment. The court will address these requests in turn.

### i. Motion to re-open

"When a district court dismisses an action with prejudice pursuant to a settlement agreement, federal jurisdiction usually ends." *Kelly v. Wengler*, 822 F.3d 1085, 1094 (9th Cir. 2016). Here, the parties negotiated within their agreement to adjudicate future enforcement actions in state district court. (ECF No. 28-2 at 3). Therefore, this court is not the proper forum for bringing an enforcement action.[2] *See Kelly*, 822 F.3d at 1094. Plaintiff's motion to re-open the case will be denied.

### ii. Motion to review a state court judgment

A federal district court ordinarily does not possess appellate jurisdiction over a state district court's judgments. As the Ninth Circuit explained in *Carmona v. Carmona*, 603 F.3d 1041 (9th Cir 2010), "de facto" appeals of state court judgments are prohibited by the *Rooker-Feldman* doctrine. *Id.* at 1050. "A suit brought in federal district court is a 'de facto appeal' forbidden by *Rooker–Feldman* when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id.* (citing *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

---

[2] Further, defendant's response alleges that plaintiff is currently litigating its claims in state court (ECF No. 28 at 2–3), which provides an additional reason why this court is not a proper forum.

James C. Mahan
U.S. District Judge

- 2 -

Here, plaintiff's motion requests this court to review an allegedly erroneous state court judgment that plaintiff claims harmed him. Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to review such a judgment.[3] *See Carmona*, 603 F.3d at 1051. Plaintiff's "motion for ruling on appeal from State Court" will therefore be denied.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to reopen case (ECF No. 25) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's "motion for ruling on appeal from State Court" (ECF No. 26) be, and the same hereby is, DENIED.

DATED December 1, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[3] Although the Ninth Circuit has cautioned that "the *Rooker-Feldman* doctrine is a fairly narrow preclusion doctrine," *id.*, the court believes it applies to plaintiff's motion.